IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRETT WADE CLOUSE,<br><br>Plaintiff,<br><br>vs.<br><br>ALTERNATIVES INC., DAVID O. ARMSTRONG, BETTY ANN ROAN, and LORETTA WILLEMS,<br><br>Defendants. | CV 19-00078-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Brett Clouse, a federal prisoner proceeding without counsel, has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). The Court will grant Mr. Clouse leave to proceed in forma pauperis but the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Clouse's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. §1915(a).  (Docs. 1, 4.) The request to proceed in forma pauperis will be granted.  Because he is incarcerated, Mr. Clouse must pay the statutory filing fee of $350.00.  28 U.S.C. §

1

1915(b)(1).  Mr. Clouse submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Clouse will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Clouse must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Clouse is held to forward payments from Mr. Clouse's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.  Parties

Mr. Clouse is a federal prisoner proceeding without counsel.  He names Alternative Inc. a private, non-profit corporation which provides residential and non-residential treatment, detention, and supervision to federal, state, and county offenders on a contract basis.  He also names three employees of Alternatives:

2

David Armstrong (administrator of Alternatives), Betty Ann Roan (manager/supervisor of Alpha House), and Loretta Willems (case manager at Alpha House).

### B. Factual Background

Mr. Clouse was sentenced on February 27, 2012 by Stillwater County Justice of the Peace Marilyn Kober to serve 365 days in jail for revocation of a misdemeanor deferred sentence. (Order of Commitment, Doc. 2-1 at 11.) Mr. Clouse was taken into custody by the Stillwater County Sheriff's Department and transported to the Yellowstone County Detention Center. On February 27, 2012, JP Kober also signed a referral to Beta Jail Alternatives Satellite Program for work release from February 27, 2012 to February 27, 2013 with the cost to be determined by wage. The form also provided for alcohol and drug treatment and aggression control education. (Doc. 2-1 at 12.) On March 16, 2012, JP Kober signed an authorization for release on which she wrote, "Please release Mr. Clouse on Monday, March 19th, 2012, into the custody of a Beta Alternatives Employees, upon their arrival. Thank you." (Authorization for Release, Doc. 2-1 at 13.) On March 19, 2012, Mr. Clouse was transported to Alternatives, Inc., (Alpha House).

On June 11, 2012, Mr. Clouse's attorney filed a Motion to Amend the Sentencing Order. (15cr127, Doc. 101-4.) On July 27, 2012, Mr. Clouse signed

3

an agreement for release in which he agreed that,

> The outstanding amounts due and owing to Alternatives for the cost of Defendant's detention and programs in the approximate amount of $2,154.37 calculated as of Monday, July 30, 2012 shall be paid in cash or by cashiers check.

(Doc. 2-1 at 10.) Mr. Clouse was in the custody of Alternatives from March 19, 2012 until July 30, 2012.

On December 27, 2017, Mr. Clouse filed a pro se motion for post-conviction relief which was granted on March 30, 2018. (Doc. 2-1 at 2-7.) In granting the motion, state District Court Judge Jones ordered that,

> The 365-day sentence imposed upon Brett Wade Clouse for a misdemeanor assault conviction in Stillwater County cause number TK-2011-155 exceed the statutory maximum allowed under § 45-5-201(2), MCA, constitutes an illegal sentence, and is hereby vacated.

(Doc. 2-1 at 7.)

### C. Allegations

Mr. Clouse seeks damages against Alternatives, Inc. and its employees because he claims they failed to provide procedural due process before deductions were taken from his inmate account for the costs of detention.

Mr. Clouse also alleges Defendants retaliated against him on July 24, 2002 by placing him on bunker room status during multiple days for refusing treatment programs which were not part of his court order. (Complaint, Doc. 2.)

4

### III. SCREENING STANDARD

Mr. Clouse is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from

5

conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing*

Fed.R.Civ.P. 8(a)(2)).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## IV.  SCREENING ANALYSIS

Defendants were acting pursuant to a Court order and as such they are entitled to absolute quasi-judicial immunity from suit for all actions taken pursuant to JP Kober's court order.  *Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013)("prison officials charged with executing facially valid court orders enjoy absolute immunity from section 1983 liability for conduct prescribed by those orders."); *see also Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003); *Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991).

On February 27, 2012, JP Kober entered an order of committing Mr. Clouse to custody for 365 days, and also signed a referral to Beta Jail Alternatives Satellite Program for work release from February 27, 2012 to February 27, 2013 with the "cost to be determined by wage."  The referral order also provided for alcohol and drug treatment and aggression control education.  (Doc. 2-1 at 12.) On March 16, 2012, JP Kober signed an authorization for release on which she

wrote, "Please release Mr. Clouse on Monday, March 19th, 2012, into the custody of a Beta Alternatives Employees, upon their arrival. Thank you." (Authorization for Release, Doc. 2-1 at 13.)

Consequently, the Alternatives Defendants were executing a facially valid court order requiring Mr. Clouse to pay for his work release program and to participate in the Alternatives programs. They are thus absolutely immune from section 1983 liability. It appears an error was made in the sentencing of Mr. Clouse, but that error was not the fault of the Defendants named herein. "Absolute immunity applies even where a prisoner claims that the order at issue is invalid or the order is later overturned." *Engebretson*, 724 F.3d at 1039.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Clouse's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed on July 18, 2019.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Clouse's Complaint should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter

judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

  4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

  Mr. Clouse may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

  This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

/ / /

/ / /

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 22nd day of October, 2019.

                                         */s/ Timothy J. Cavan*
                                         Timothy J. Cavan
                                         United States Magistrate Judge